UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                              Case No.: 17-14180-13

    VICTORIA SUE FISHEL,

        Debtor.

---

## **MEMORANDUM DECISION**

Victoria Sue Fishel ("Debtor") is a consumer debtor with a car loan, tax debt, credit card and charge account debt, and a small amount of medical bills. She also has student loans dating back almost seven years. She is an above-median debtor with disposable income.

To address her debts, she filed a Chapter 13 petition. Debtor's bankruptcy schedules list unsecured, nonpriority debts in the amount of $147,891.30, including student loan debt of $16,184.78. The schedules also list certain other student loans as owed in unknown amounts. Debtor's Plan proposes to devote all disposable income for five years toward payment of her creditors.

The Trustee objects to confirmation of the Plan based on an issue of eligibility. The Trustee points to scheduled student loan debt in the amount of $132,000. The servicer for the U.S. Department of Education ("DOE"), on the other hand, filed a claim for $341,136. Attached to the claim were itemizations of amounts and a statement that the servicer had no copies of any promissory notes because it did not receive them from "the originating lender or prior servicer." The Trustee points out in his objection that the Proof of Claim filed by

the DOE contains insufficient information to determine whether some of its claim overlaps with the claims the Debtor scheduled.

## DISCUSSION

### 1. *Jurisdiction*

The Trustee argues that, based on the DOE claim, the noncontingent, liquidated unsecured claims exceed the statutory amount of $394,725 set forth in 11 U.S.C. § 109(e). The Trustee thus asserts the Debtor is not eligible to be a debtor in a Chapter 13.

There is a split of authority among the courts that have considered this question. The minority view holds that Chapter 13 eligibility requirements under section 109(e) are jurisdictional. The majority view holds that eligibility is not jurisdictional. Instead, "the eligibility requirements of § 109(e) create a gateway into the bankruptcy process, not an ongoing limitation on the jurisdiction of the bankruptcy courts." *Glance v. Carroll (In re Glance)*, 487 F.3d 317, 321 (6th Cir. 2007).

The Seventh Circuit has not yet ruled on whether section 109(e) is jurisdictional or merely sets forth a debtor's eligibility. Courts in the Seventh Circuit have interpreted other subsections of 109 in a manner consistent with the majority view. The Northern District of Illinois considered eligibility under section 109(h) and ruled that "eligibility to be a debtor under a particular chapter of the Bankruptcy Code is not the equivalent of a jurisdictional question." *In re Arkuszewski*, 550 B.R. 374, 377–78 (N.D. Ill. 2015) (citing *In re Lane*, No. 12-10718-M, 2012 WL 1865448, at *5 (Bankr. N.D. Okla. May 22,

2

2012)). Rather, the filing of a petition "sets in motion a series of events" and the "court *may* properly dismiss a petition at a later date if it is determined that the debtor is ineligible under § 109." *Id.* (emphasis supplied). Jurisdiction is determined by good-faith allegations rather than by what the evidence eventually might show. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938). The Court agrees with the majority view. This Court has jurisdiction.

   *2. Conversion or Dismissal*

Having jurisdiction, the Court has authority to evaluate this case under section 1307(c). Section 1307(c) instructs the court "*may* convert . . . or *may* dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including" a series of scenarios that are not relevant here. (Emphasis supplied).

Eligibility is not expressly listed as "cause" under the statute. The threshold question therefore is whether the list in section 1307(c) is exhaustive. If not, then the Court will need to determine whether lack of eligibility constitutes cause to dismiss or convert this case.

The Seventh Circuit has consistently ruled that the list in section 1307(c) is non-exhaustive. In *In re Love*, the Seventh Circuit dismissed a case under section 1307(c) for lack of good faith, which is not explicitly listed in the statute. 957 F.2d 1350, 1354 (7th Cir. 1992). *See also In re Smith*, 848 F.2d 813, 816 n.3 (7th Cir. 1988). The Southern District of New York has articulated it more directly: "This list is 'not exhaustive,' but exemplary." *In re Jensen*, 425

3

B.R. 105, 109 (Bankr. S.D.N.Y. 2010). *Collier's* has also weighed in on the matter: "The grounds enumerated in subsections 1307(c)(1) through (11) are not exhaustive." 8 *Collier on Bankruptcy* ¶ 1307.04 (16th ed.).

The Court must therefore determine whether, based on the facts here, the apparent lack of eligibility under section 109(e) constitutes "cause" for conversion or dismissal. Section 1307 gives the Court discretion to dismiss but does not compel the Court to dismiss under any scenario. Although the Court "has the power," it is not necessarily compelled to exercise that authority.

Once again, there is no decision from the Seventh Circuit on whether lack of section 109(e) eligibility constitutes "cause" under section 1307 *and* whether dismissal is therefore mandated. Several lower courts have ruled lack of 109(e) eligibility constitutes cause. For example, after determining an unsecured claim was non-contingent and liquidated, the Northern District of Indiana ruled that "[d]ebtor's failure to fulfill the eligibility requirements of 11 U.S.C. § 109(e) constitutes cause, as required by 11 U.S.C. § 1307(c), to dismiss this case." *In re McGovern*, 122 B.R. 712, 717 (Bankr. N.D. Ind. 1989). In *In re Day*, the Bankruptcy Court dismissed a case for lack of eligibility under section 109(e). It did not reach section 1307. After parsing through the definition of "secured," the Seventh Circuit determined some debts to be unsecured, therefore putting the debtor over the 109(e) limits. The Court affirmed the dismissal. 747 F.2d 405, 407 (7th Cir. 1984).

The list in section 1307(c) contains causes such as unreasonable delay, failure to file a plan, and failure to make plan payments. Each of these

establishes a volitional act—or failure to act—by the debtor. Even if the Court determines cause exists under 1307(c), it may still decline to convert or dismiss. Under section 1307, "the court is not required to dismiss or convert the case if it concludes that the debtor is appropriately entitled to Chapter 13 relief and has the ability to confirm and consummate a plan." W. Homer Drake, et al., *Chapter 13 Practice & Procedure* § 20:5 (2017). The Court's analysis on whether to convert or dismiss must hinge on what is in the best interests of creditors and the estate. *Id.*

*In re Santana* presented a motion to dismiss for ineligibility under section 109(g)(2). 110 B.R. 819 (Bankr. W.D. Mich. 1990). The court refused to dismiss despite what some may characterize as an unambiguous statute reasoning that such an application to the facts before the court "would produce, if not an absurd result, then certainly one which goes far beyond the scope of the abuse which it appears Congress was attempting to cure." *Id.* at 821. As the court reasoned in *In re Manalad*, "[n]owhere in Title 11 is there a provision setting forth the remedy for failure to comply" with sections 109(e) and (h). 360 B.R. 288, 295 (Bankr. C.D. Cal. 2007). Further, "the filing of a petition in bankruptcy court seeking assistance in the restructuring of debtor-creditor relations is at the core of federal bankruptcy power." *Id.* at 299 (citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71 (1982)).

As noted by the court in *In re Pratola*, the debt limits in section 109(e) expanded chapter 13 eligibility to a larger group of individuals with regular income. *In re Pratola*, 578 B.R. 414, 419-20 (Bankr. N.D. Ill. 2017). The limits

5

were intended to permit small business owners and other individuals "for whom a chapter 11 reorganization is too cumbersome a procedure to proceed under chapter 13 . . . ." *H.R. Rep. No.* 595, 95th Cong., 1st Sess. (1977).

It is a recognized canon of statutory construction that "[j]udicial interpretation of a statute outside its literal terms is appropriate only when a literal application of the statute would lead to an absurd or unconstitutional result." *In re Stuart*, 297 B.R. 665, 668 (Bankr. S.D. Ga. 2003). This canon has been repeatedly applied by courts in deciding whether to exercise the discretion granted in determining whether to dismiss a case.

For instance, in *Shovlin v. Klaas*, the Western District of Pennsylvania affirmed a bankruptcy court's refusal to dismiss where the debtor had materially defaulted. There, debtor missed a payment, which caused her to be short at the end of her 60-month plan. The Trustee argued the shortage amounted to a material default under section 1307(c)(6). Even so, the court reasoned the material default did not significantly alter the distributions to creditors and declined to dismiss. On appeal, the Third Circuit affirmed that holding. 539 B.R. 465, 471 (W.D. Pa. 2015), *aff'd sub nom. Shovlin v. Klaas (In re Klaas)*, 858 F.3d 820 (3d Cir. 2017).

The Northern District of Illinois has followed a similar line of reasoning. In *In re Grant*, the court emphasized the discretionary nature of section 1307 and reasoned "[g]enerally, a court will find conversion or dismissal appropriate when efforts to cure a default are unsuccessful and the plan cannot be modified so as to make it feasible for completion." 428 B.R. 504, 507 (Bankr.

6

N.D. Ill. 2010). While section 1307(c) contains explicit grounds for dismissal, the discretion of the court to excuse compliance with and grant an exception to those requirements has been repeatedly recognized. *See In re McDonald*, 118 F.3d 568, 569 (7th Cir. 1997). If discretion exists for the specifically stated grounds, then it must also exist for other grounds falling within the penumbra of the non-exhaustive list.

The decision to convert or to dismiss a Chapter 13 case is a matter of discretion for the bankruptcy court. *In re Handy*, 557 B.R. 625, 628 (Bankr. N.D. Ill. 2016). It should be made on a case-by-case basis considering the best interest of creditors and the bankruptcy estate. *In re Cutillo*, 181 B.R. 13, 14 (Bankr. N.D.N.Y. 1995).

Here, the Trustee objects to confirmation because Debtor may fail to meet eligibility requirements. It is undisputed the Debtor can make the proposed Plan payments. The only real roadblock to confirmation of Debtor's Plan is the alleged amount of her student loans which, in any case, will not be discharged in her bankruptcy. The Trustee also concedes inability to determine the amount of the student loans with absolute certainty. The claim filed on behalf of the DOE contains some itemization of amounts but does not include any of the purported notes or related documents and it is impossible to determine whether the claim overlaps or includes the obligations listed in Debtor's schedules. Moreover, Debtor's schedules disclose only $16,184.78 in student loans, in addition to several individual student loans in unknown amounts. It is unclear based on the record how the Trustee arrived at her

estimation of $132,000 in scheduled student loans. It is equally unclear from the DOE claim the number of loans or how and over what period $80,163.68 in interest accrued on the loans.

If the Trustee's estimate of total amount is correct, the Debtor would be eligible under section 109. If only the principal amounts in the DOE claim are considered, the Debtor would satisfy the eligibility requirements.

The Debtor can make the proposed Plan payments. She scheduled $4,816 in monthly income against $4,296 in expenses. The Plan anticipates monthly payments between $520 and $550 and the Trustee does not dispute the Debtor can meet her obligations under the Plan. Setting aside the section 109 question, Debtor has proposed a feasible Plan and can complete it. There are no objections to the Plan other than the Chapter 13 Trustee's.

The policy considerations set forth in the *Pratola* opinion weigh on the side of permitting Debtor's case to proceed. 578 B.R. 414 (Bankr. N.D. Ill. 2017). Judge Baer's argument that tuition costs have increased so quickly that Congress has been unable to keep pace is particularly persuasive. Further, however, is the consideration of the exercise of discretion this Court has under 11 U.S.C. § 105 and 11 U.S.C. § 1307. This discretion authorizes the Court to enter any order necessary or appropriate to carry out the provisions of title 11 in a manner consistent with the commands of the Code.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") added a significant hurdle to relief under Chapter 7. If debts are primarily consumer, the debtor must qualify through a means test. After

BAPCPA, a debtor who can pay creditors or whose Chapter 7 is deemed an abuse[1] will not be entitled to a Chapter 7 discharge. In that sense, such a debtor would be forced into Chapter 13 if the debtor wanted bankruptcy relief. *See United States Tr. v. Cortez (In re Cortez)*, 457 F.3d 448 (5th Cir. 2006); *In re Stampley*, 437 B.R. 825 (Bankr. E.D. Mich. 2010); *In re Johnson*, 503 B.R. 447 (Bankr. N.D. Ind. 2013). The change reflects the intention that debtors who could afford to repay some portion of their debt should do so. If the debtor does not meet the means test, it is presumed an abuse. The debtor can try to rebut the presumption by showing "special circumstances" that would justify a modification of the means test formula of section 707(b).

Based on the facts, it is in the best interests of the Debtor, the estate, and the creditors that the Debtor be permitted to pursue confirmation of her Chapter 13 Plan. The Court finds section 109 does not exclude this debtor from relief on the set of facts here. To hold otherwise would effectively exclude this Debtor from relief, and the congressional intent behind limiting the availability of Chapter 13 through section 109(e) is not applicable here. This Debtor is a true consumer debtor and should therefore be afforded the benefit of Chapter 13. The Court does not seek to determine the preclusive effect of section 109 in all cases. Rather, the Court is exercising its discretion under sections 105 and 1307 to review issues arising under section 109 on a fact specific, case-by-case

---

[1] Only consumer debtors are subject to the means test. Debtors whose debts are primarily business are not subject to this limitation. The presumption of abuse is set out in 11 U.S.C. § 707(b)(2)(A). The bar to rebutting the presumption is high and contains only narrow exceptions. *See* 11 U.S.C. § 707(b)(2)(B).

basis. The Court is also disinclined to dismiss Debtor's case where the amount of unsecured debt is not clearly established. It merely finds this type of consumer debtor, who cannot realistically obtain relief under any section of the Code, will not be dismissed simply because her unsecured debt burden may exceed the amount in section 109(e).

Literal interpretation of the statute would lead to an absurd result. This debtor has no option. She is above-median income with disposable income available to pay creditors. Based on the facts here, she will not be able to rebut the presumption of abuse. Thus, she faces Morton's Fork—either file a Chapter 7 that will be determined an abuse, thus leading to dismissal, or file a Chapter 13 to attempt repayment of some amounts only to have a trustee move to dismiss arguing that, as here, the debtor is ineligible for Chapter 13 relief.

If the Trustee is correct, the only other option would be the filing of a Chapter 11. Such a course would be absurd for this true consumer debtor. The Chapter 11 process is inordinately expensive and cumbersome for a consumer debtor. It would likely result in significant portions of the funds that would otherwise be available to creditors being paid in administrative expenses and U.S. Trustee quarterly fees. For example, the U.S. Trustee's quarterly fees alone would reduce the amount available to creditors by more than 20%. The additional formalities of a Chapter 11, including a disclosure statement and balloting, and other administrative expenses, including attorney's fees, would no doubt eat up substantial amounts that would otherwise be available to

creditors. Such a result is contrary to the purposes of the Code because it is neither in the best interests of the Debtor nor of the creditors.

## CONCLUSION

For these reasons, the motion of the Trustee to dismiss is denied. The Debtor will be permitted to remain in Chapter 13 and proceed to confirmation of a plan.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: March 30, 2018

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge